# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **COLUMBUS, GEORGIA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:07-cv-165(HL) |
| **EXPEDIA, INC.,** | : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on the Motion to Remand (Doc. 3) of Plaintiff, Columbus, Georgia, and Motion for Hearing (Doc. 16) of Defendant, Expedia, Inc. After consideration of the relevant materials, the Court denies the Motion for Hearing as unnecessary and grants the Motion to Remand as more fully set forth below.

A little procedural history is in order.[1]  Plaintiff, Columbus, Georgia, originally filed a complaint against Defendant, Expedia, Inc., on May 30, 2006. Defendant removed the case to this Court on July 12, 2006. Columbus, Ga. v. Expedia, Inc., Case No. 4:06-cv-79-HL. Thereafter, on August 11, 2006, Plaintiff moved to remand. Finding that the amount in controversy requirement for federal diversity jurisdiction was not satisfied, this Court remanded the matter on May 24, 2007. Columbus, Ga. v.

---

[1] The Court could make the procedural history much longer if it chose to employ the kind of bombast that permeates the briefs of the parties, but the Court finds that such tactics are rarely useful and declines to employ them here.

Expedia, Inc., Case No. 4:06-cv-79-HL, Doc. No. 26. On November 5, 2007, Defendant again removed this case from the Superior Court, once again alleging diversity jurisdiction pursuant to 28 U.S.C.A. § 1332. And, by motion filed November 8, 2007, Plaintiff has once again moved to remand.

In moving to remand, Plaintiff raises two arguments: First, Plaintiff argues that because the removal was made outside the one-year removal period set forth at 28 U.S.C.A. § 1446(b), it is not timely. Second, Plaintiff argues that the amount in controversy requirement still is not satisfied and, therefore, this Court lacks jurisdiction over the matter. The Court will address the second argument–the amount in controversy argument–first because if it finds the amount in controversy requirement is not satisfied there is no subject matter jurisdiction even if the removal was timely made.

Section 1332(a) of Title 28 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a) (West 2006). As the party seeking to invoke federal jurisdiction, by having removed the case to this Court, Defendant has the burden of establishing, among other things, that the amount in controversy requirement is satisfied.

When this Court remanded the matter to the Superior Court of Muscogee County the first time, it did so because it found that Defendant failed to make a satisfactory showing as to the amount in controversy. Having removed the case to this Court yet

again, Defendant's filing raises the question: "What has changed?" According to Defendant the answer to the question is that Plaintiff has "exponentially broadened the scope and scale of relief sought in the State Court Action to a point well beyond this Court's jurisdictional minimum of $75,000." (Notice at 3.) Defendant's contention is based on Plaintiff's filing of a Motion for Declaratory and Injunctive Relief in the Superior Court of Muscogee County. Therefore, this Court must consider whether Plaintiff's filing served to bring this case within the jurisdictional minimum.

In its complaint, which has not been amended, filed May 30, 2006, Plaintiff seeks the following relief: (1) declaratory judgment that Defendant's conduct in Columbus, Georgia, is in violation of certain specified code provisions and ordinances; (2) preliminary and permanent injunction enjoining Defendant from continuing to violate reporting requirements and concealing tax funds from Columbus and the public; (3) liability for violations of certain occupancy tax laws and ordinances; (4) unjust enrichment; (5) imposition of constructive trust for unpaid taxes; and (6) demand for equitable accounting. The complaint sets forth 14 items in its prayer for relief, of which the most relevant ones are as follows: judgment for Plaintiff in an amount not to exceed $74,500.00; declaration of liability for unpaid hotel/motel taxes; declaration that Defendant remit hotel/motel taxes from the date of judgment forward; injunctive relief directing Defendant to remit taxes as applied to the full value of rates paid by customers.

In October of 2007, Plaintiff filed its Motion for Declaratory and Injunctive Relief,

in which it sought, among other things, the following injunctive relief: that Defendant "be ordered or compelled to collect hotel occupancy excise taxes . . . on every merchant hotel transaction in the State of Georgia" and that Defendant "be ordered or compelled to remit hotel occupancy excise taxes collected from every merchant hotel transaction in the State of Georgia . . . or alternatively, that Defendant Expedia be ordered or compelled to remit such hotel occupancy taxes collected from every merchant hotel transaction in the State of Georgia" to the appropriate hotel or motel. Believing that the amount in controversy is now met, Defendant has removed to this Court on the basis of the relief sought in Plaintiff's Motion and in reliance on 28 U.S.C.A. § 1446(b).

Section 1446(b) provides, in part, as follows: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable . . . ." 28 U.S.C.A. § 1446(b) (West 2006). Citing to the language of § 1446(b), Defendant maintains that Plaintiff's Motion for Declaratory and Injunctive Relief is a motion from which it may be ascertained that the case has become removable.

Despite the seemingly plain language of § 1446(b), many courts have held that a "plaintiff's moving papers in state court generally do not create a right to remove under Section 1446(b)." Disher v. Citigroup Global Markets, Inc., 487 F. Supp. 2d 1009 (S.D. Ill. 2007). Rather, these courts have held that "the event triggering a right to

4

remove is a state-court order granting a plaintiff's motion." Id. In Sullivan v. Conway, 157 F.3d 1092 (7th Cir. 1998), the United States Court of Appeals for the Seventh Circuit had the occasion to consider whether the time for removal began when the plaintiff moved to amend his complaint to add federal claims or when the state court granted the motion to amend. In holding that the time for removal began when the court granted the motion, the appellate court had this to say:

> Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted [§ 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed.

Id. at 1094.

Section 1446(b) requires more than the service of a motion to make a case removable. It requires that at the time the motion is served that it may be ascertained from the motion "that the case is one which *is* or *has become* removable," 28 U.S.C.A. § 1446(b), not that it *might become* removable upon the doing of some act by another. This restriction, as imposed by § 1446(b), means that very often it will be the order on the motion, not the motion itself, that makes a case removable. As another district court has explained:

> A plaintiff's motion that seeks a change in the nature of his case does not, in and of itself, make the case removable. The state court, by adjudicating the motion in the plaintiff's favor, alters the character of the plaintiff's

5

action from a purely state-based cause of action to one involving a federal basis of jurisdiction. It is only at the time of the state court's ruling that a party becomes certain of the removability of the case.

Graphic Scanning Corp. v. Yampol, 677 F. Supp. 256, 258 (D. Del. 1988).

Several district courts have reached conclusions similar to those of the district court in Yampol.[2] For example, in Torres v. Chevron U.S.A., Inc., No. C 04-2523 SBA, 2004 WL 2348274 (N.D. Cal. Oct. 18, 2004), the defendant removed a case from the state court to the federal court after the plaintiff filed a motion for leave to amend his complaint to add a federal cause of action. The plaintiff filed a motion to remand, which the district court granted, finding that the motion, which had not yet been ruled on by the state court, was not sufficient to establish that the case had become removable. Id. at *3. Similarly, in Rogers v. Humanscale Corp, No. 04-CV-2592, 2004 WL 1813282 (E.D. Pa. July 14, 2004), the district court remanded a case after the defendant removed on the basis of the plaintiff's motion to amend to add a federal claim. Acting sua sponte, the district court held that the time for removal did not begin when the plaintiff filed the motion and that removal was premature. Id. at *2.

A similar result is demanded in this case. Here, although Plaintiff filed a motion

---

[2] Much of the case law relating to this issue arises in the district courts, primarily because the appellate courts seldom have the opportunity to review the remand orders entered by the district courts. See 28 U.S.C.A. § 1447(d) (West 2006) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.")

with the potential to expand the relief sought by its complaint, the motion was not ruled on by the state court before the case was removed to the district court.[3] As the briefs of the parties on the Motion to Remand illustrate, considerable uncertainty remains as to precisely what relief, if any, Plaintiff would obtain *if* the state court were to grant the motion for declaratory and injunctive relief. This case underscores precisely why so many courts have held that the mere filing of a motion is rarely sufficient to trigger the time for removing from the state court. Without a ruling on the motion, there can only be supposition as to whether the relief to be obtained by Plaintiff has changed and supposition as to whether the amount in controversy requirement has now been met. Certainly it is not the place of this Court to attempt to predict how the state court would have ruled on the motion, had it been given the opportunity to do so.

Consistent with the foregoing, therefore, the Court finds that the motion for declaratory and injunctive relief which provides the basis for Defendant's notice of removal is not a "motion . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." In the absence of a ruling on the motion by the state court, there is nothing on the record from which the Court can ascertain that the amount in controversy has changed, so as to make the case removable. This Court previously found that the amount in controversy requirement

---

[3] As Plaintiff's have repeatedly and emphatically noted, the Defendant filed its Notice of Removal on November 5, 2007, one business day after learning that the motion for declaratory and injunctive relief would be heard by the state court on November 19, 2007.

7

has not been satisfied and, for the reasons previously stated by the Court in its Order of May 24, 2007, <u>Columbus, Ga. v. Expedia, Inc.</u>, Case No. 4:06-cv-79-HL, Doc. No. 26, the amount in controversy requirement still is not satisfied. Therefore, the requirements of diversity jurisdiction have not been met and this Court lacks subject matter jurisdiction of this case. Accordingly, the Motion to Remand is granted; this matter is hereby remanded to the Superior Court of Muscogee County, Georgia.

**SO ORDERED**, this the 30th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls